IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-CR-10– MSK

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   GEORGE H. ASKEW,
2.   ROMELL E. BULLOCK,
3.   GREGORY A. COLLINS,
4.   GEORGE A. GADDY,
**5.   DELBERT J. GARDNER,**
6.   RICHARD W. JOHNSON,
7.   SHEPS H. KHAMSAHU,
8.   ERIC LUGO,
9**.**   LAWRENCE T. MARTIN**,**
10.  JOHNIE A. MYERS,
11.  DARRELL R. PARKER,
12.  CALVIN L. RILEY,
13.  COREY L. RILEY,
14.  THOMAS A. ACHRAH, JR.,
15.  JAMES R. SWITZER, AND
16.  CLIFFORD M. WRIGHT

Defendants.

---

### DEFENDANT GARDNER'S (DEFENDANT #5) UNOPPOSED MOTION TO EXCLUDE FOUR MONTHS FROM THE SPEEDY TRIAL ACT, VACATE DEADLINES AND VACATE TRIAL DATE

---

Delbert Gardner, by and through undersigned counsel, respectfully moves this Court for an Order excluding four months (120 days) from the speedy trial limitations and vacating current deadlines and the trial date. In support of this motion, Mr. Gardner states that:

## I. Procedural background

1. On January 9, 2012, the government obtained a 32-count Indictment charging Mr. Gardner with one count of possession with Intent to Distribute Crack Cocaine, and one count of using and maintaining drug-involved premises and aiding and abetting.

2. Mr. Gardner was arraigned on January 31, 2012 and he entered a plea of not guilty to the one count pending at that time.

3. The seventy-day Speedy Trial Act deadline is April 2, 2012.

4. On January 26, 2012, this Court entered an Order requiring the parties to file pretrial motions by February 16, 2012. This Court also set a jury trial beginning March 19, 2012.

5. Discovery has been initiated in the case, however, at present, Mr. Gardner only has the discovery that directly pertains to his case.

6. The Court granted the government's motion for a protective order concerning discovery on February 14, 2012. Thus, it is anticipated that additional discovery will be provided to Mr. Gardner pursuant to the Order of the Court.

## II. Standard for continuances

7. 18 U.S.C. § 3161(h)(7) authorizes this Court to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(ii) provides that a factor for the Court to consider in granting this delay is "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. §3161(h)(7)(B)(ii).

8.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See United States v. West, 828 F. 2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. See id. No single factor is determinative. See id.

### III. Argument

9.     This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and West. Accordingly, Mr. Gardner requests that this Court continue the trial, vacate current deadlines, and exclude four months from the speedy trial calculations.

10.    Counsel has just recently obtained discovery in this case.

11.    Mr. Gardner is facing significant time in prison if he is convicted of the charges.

12.    Mr. Gardner has legal defenses to the charges that need to be explored and which will take both time and complete discovery to conclude. These legal defenses include the potential need to retain expert services to aid and assist counsel.

13.    Counsel needs to explore any potential pre-trial motions and counsel needs to meet and confer with Mr. Gardner to discuss the evidence against him as well as the weight and sufficiency of the government's case. Counsel also needs time in order to have meaningful

plea negotiations with the government.

14. The failure to vacate deadlines and continue the trial date would force Mr. Gardner to go to trial before an adequate defense could be prepared. As a result, failure to grant a continuance would result in a miscarriage of justice, see 18 U.S.C. § 3161(h)(7)(B)(i), and deny counsel for Mr. Gardner the reasonable time necessary for the effective preparation of this case taking into account the exercise of due diligence, see 18 U.S.C. §3161(h)(7)(B)(iv).

15. Guy Till, the Assistant United States Attorney prosecuting Mr. Gardner, does not oppose a finding that the ends of justice warrant continuing this case outside of the usual statutory Speedy Trial limits.

**IV. The legal factors and particular facts of Mr. Gardner case require a continuance**

16. The Court has outlined the legal factors that must be considered when granting or denying a motion to continue, as stated in West, and noted supra, and these factors, coupled with the particular facts of Mr. Gardner's case, require a continuance. Mr. Gardner's request for a continuance addresses and meets the four (4) standards outlined in West:

a. Counsel for Mr. Gardner has been active in this case since entering his appearance for Mr. Gardner, conducting both an arraignment and detention hearing for Mr. Gardner as well as speaking with the government concerning the posture of the case;

b. A continuance will allow Mr. Gardner to review the discovery in this case as well as advance and legal arguments required, including pre-trial motions and potential affirmative and/or legal defenses to the charges as well as allowing Mr. Gardner meaningful opportunities to engage the government in plea negotiations;

c. The case is recent, both in terms of the indictment and the trial setting and thus no party is inconvenienced by a continuance of the trial setting;

d. Mr. Gardner has real and pressing needs to have the current trial setting vacated in order to ensure that he has enough time to prepare his case and to research and explore his defenses, both legal and factual.

17. Mr. Gardner has, to the best of his ability, at this early stage in the proceedings, outlined the basis for his request for a continuance, mindful that the Court has held that "[t]he ends-of-justice provision expressly mandates that the district court articulate 'its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.' 18 U.S.C. § 3161(h)(7)(A) (emphasis added)" United States v. Toombs, 574 F.3d 1262, 1273 (10th Cir. 2009).

18. Based on the factors outlined, Mr. Gardner asserts that the best interest of the public in a speedy trial are outweighed by his needs to explore the evidence, in full, and diligently pursue his legal rights.

WHEREFORE, the defense respectfully requests that this Court issue an Order excluding four months (120 days) from the speedy trial time limitations and vacating current deadlines and the trial date.

Respectfully submitted,

s/   Scott Jurdem
Scott Jurdem, No. 7840
Jurdem, LLC
820 Pearl St., Suite H
Boulder, Colorado 80302
950 17th Street, Suite 1800
Denver, Colorado 80202
Telephone:  (303) 402-6717

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Ariel Zusya Benjamin    abenjamin@springersteinberg.com

Charles W. Elliott    CWEMDEDME@aol.com, hamcwe@yahoo.com

Darren Randal Cantor    darren@cantorlaw.net

Dennis W. Hartley    Julia@hartleyslaw.com

Douglas Leo Romero    dougromero@coloradochristiandefensecounsel.com, corinarreola@coloradochristiandefensecounsel.com, sheilasweeney@coloradochristiandefensecounsel.com

Edward Robin Harris    Edward_Harris@fd.org, COX_ECF@fd.org, erhafpd@gmail.com

Eric Michael Lee    ericlee@coloradochristiandefensecounsel.com

Guy Till    guy.till@usdoj.gov, Lisa.Vargas@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Harvey Abe Steinberg    law@springersteinberg.com, cambrose@springersteinberg.com

Jeffrey Richard Edelman    jredel@earthlink.net, jmesaros@jeffreyredelmanpc.com

John Henry Schlie    johnhenry@schlielawfirm.com

Jonathan S. Willett    jwillett@willettlaw.net, kbartell@willettlaw.net

Joseph Saint-Veltri    jsvlawoffice@gmail.com

Miller M. Leonard    miller@themillerleonardlawfirm.com

Normando R. Pacheco    joannasweetpea6@aol.com

R. Scott Reisch    rscottreisch@att.net, cassandra@reischlawfirm.com, shannon@reischlawfirm.com

Ronald John Hahn    rhahn3677@hotmail.com

Scott Jurdem    sj@jurdem.com, jsw@jurdem.com, tlj@jurdem.com, tlr@jurdem.com

Thomas James Hammond    hammondlaw@solucian.com

Timothy D. Edstrom    timedstrom@coloradochristiandefensecounsel.com, timedstrom@hotmail.com

                                         s/   Tracee L. Jurdem
                                         Tracee L. Jurdem
                                         Jurdem, LLC
                                         820 Pearl St., Suite H
                                         Boulder CO 80302
                                         Telephone:  (303) 402-6717
                                         Facsimile: (303) 402-6718
                                         E-Mail: tlj@jurdem.com