IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00010-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     GEORGE H. ASKEW,
2.     ROMELL E. BULLOCK,
3.     GREGORY A. COLLINS,
4.     GEORGE A. GADDY,
5.     DELBERT J. GARDNER,
6.     RICHARD W. JOHNSON,
7.     SHEPS H. KHAMSAHU,
8.     ERIC LUGO,
9.     LAWRENCE T. MARTIN,
10.   JOHNIE A. MYERS,
11.   DARRELL R. PARKER,
12.   CALVIN R. RILEY,
13.   COREY L. RILEY,
14.   THOMAS A. SCHRAH, JR.,
15.   JAMES R. SWITZER, and
16.   CLIFFORD M. WRIGHT,

       Defendants.

_____

**GOVERNMENT'S MOTION FOR ORDER REGARDING CRIMINAL
FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY**
_____

COMES NOW the United States, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, and hereby moves for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of this criminal matter.  In support of its motion, the Government states as follows:

1

1.  On July 14, 2011, January 20, 2012, and January 21, 2012, agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives seized the following assets ("the seized assets") for the purpose of initiating forfeiture proceedings:

   a. Miscellaneous Firearms and Ammunition seized on July 14, 2011, from Corey Riley, at 2331 Pontiac Street, Denver, Colorado;

   b. $16,960.00 in United States Currency, seized on July 14, 2011 from Corey Riley at 2331 Pontiac Street, Denver, Colorado;

   c. Miscellaneous Firearms and Ammunition seized on January 21, 2012, from Richard Johnson, at 16051 East Colfax Avenue, Apt. 23, Aurora, Colorado;

   d. $5,027.00 in United States Currency, seized on January 20, 2012, from Sheps Khamsahu, at 50 South Trenton Street, Denver, Colorado; and

   e. Miscellaneous Firearms and Ammunition seized on January 20, 2012, from the Hell's Lovers Motorcycle Club clubhouse.

The Government included these seized assets for criminal forfeiture in its First Superseding Indictment. (Doc. 180).

2.  Title 18, United States Code, section 983(a)(3)(B)(ii)(II) provides that when the Government elects to include assets in its indictment, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." The applicable criminal forfeiture statute in this case is 21 U.S.C. § 853, which prescribes several methods for preserving property for the purpose of criminal forfeiture.

3. First, section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize the property from itself. Second, section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. Again, it is unnecessary to issue an order enjoining the Government from disposing of property that the Government has taken into its custody for the purpose of forfeiture, and that the Government has represented it will preserve for that purpose through the conclusion of the pending criminal case.

4. Lastly, section 853(e)(1) authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.

5. In this case, the seized assets are already in Government custody and the Government represents to the court that it intends to preserve the assets for the purpose of forfeiture through the conclusion of the pending criminal case. All that is required to comply with section 983(a)(3)(B)(ii)(II) is an Order from this Court stating that the United States and its agencies, including the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and/or the United States Marshals Service, may continue to maintain custody of the seized assets until the criminal case is concluded. *United States v. Scarmazzo,* 2007 WL 587183 at *3, (E.D. Cal. 2007) (neither a seizure warrant nor a restraining order is appropriate when the property is already in the government's possession based on a civil seizure warrant; rather, all that is required is an order issued pursuant to section 853(e) directing the government to maintain its

custody of the property); *In re 2000 White Mercedes ML320*, 220 F.Supp. 2d 1322, 1326 n.5 (M.D. Fla. 2001) (same).

WHEREFORE, pursuant to 18 U.S.C. § 853(e)(1), the United States respectfully moves this court to issue an order directing that the United States may maintain custody of the seized assets described above through the conclusion of the pending criminal case, and stating that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED this 13th day of April, 2012.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>By: s/ *Martha A. Paluch*
>Martha A. Paluch
>Assistant United States Attorney
>1225 Seventeenth Street, Ste. 700
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>E-mail: martha.paluch@usdoj.gov
>*Attorney for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2012, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to the following participants:

Guy Till
*Attorney for the United States*

Edward Robin Harris
*Attorney for George H. Askew*

Donald L. Lozow
*Attorney for Romell E. Bullock*

R. Scott Reisch
*Attorney for Gregory A. Collins*

Jeffrey Richard Edelman
*Attorney for George A. Gaddy*

Scott Jurdem
*Attorney for Delbert J. Gardner*

Miller M. Leonard
*Attorney for Richard W. Johnson*

Joseph Saint-Veltri
*Attorney for Sheps H. Khamsahu*

Dennis W. Hartley
*Attorney for Eric Lugo*

Thomas James Hammond
*Attorney for Lawrence T. Martin*

Normando R. Pacheco
*Attorney for Johnie A. Myers*

Charles W. Elliott
*Attorney for Darrell R. Parker*

Darren Randal Cantor
*Attorney for Calvin R. Riley*

Ariel Z. Benjamin
Harvey A. Steinberg
*Attorneys for Corey L. Riley*

Douglas L. Romero
Timothy D. Edstrom
Eric Michael Lee
*Attorneys for Thomas A. Schrah, Jr.*

Jonathan S. Willett
*Attorney for James R. Switzer*

Ronald John Hahn
*Attorney for Clifford M. Wright*

s/ *Raisa V. Pitman*
FSA Data Analyst
Office of the U.S. Attorney